Moncrief, J.
Aside from the question of the actual value of the property taken, as to which there is a conflict of allegations, I am constrained to deny the application to set aside the proceedings of the plaintiff, or amend the undertaking, &c.
There is no provision in the Code entitling a party to have any other than the undertaking approved by the sheriff, however inadequate the amount for which it is given ; and if the court has equitable power over its suitors to such an extent as to compel it, a case is not made for its exercise. It was said by a very learned judge, upon directing a new undertaking in a larger sum than that given to the sheriff, that “ an unscrupulous plaintiff may take personal property of any value, however large, by giving an undertaking in any sum, however small.” This is not satisfactory reasoning. The defendant can sustain no injury by the averment of a lesser sum than the real value of the property claimed, as the Code provides that he may retake it, (§ 211,) and the plaintiff cannot assert or obtain judgment for a greater sum ; so that, in fact, the defendant would be the gainer by the error, or attempted wrong.
It was held in Manley v. Patterson, (3 Code Rep. 89,) that the only remedy for the defendant was an action against the sheriff, where sham security was taken. The defect, if it be *709 one, of a want of stamp upon the undertaking, can he cured upon exception to it. (Note to Smith, &c. v. McFall, 18 Wend. 521, 523.)
The affidavit described the property with sufficient certainty to enable the sheriff to take it; if the affidavit did not do so, he might have refused to execute the requisition. (Dewitt v. Morris, &c. 13 Wend. 496.)
The motion must he denied.